Dong v. Garland

BIA
Schoppert, IJ
A206 303 859

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty-three.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

_____

ZHU XIAN DONG,
> *Petitioner,*

v.                                                                     **22-6074**

NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                    Richard Tarzia, Esq., Belle Mead, NJ.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Sherease Pratt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhu Xian Dong, a native and citizen of the People's Republic of China, seeks review of a February 8, 2022 decision of the BIA, affirming a November 28, 2018, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhu Xian Dong*, No. A206 303 859 (B.I.A. Feb. 8, 2022), *aff'g* No. A206 303 859 (Immig. Ct. N.Y. City Nov. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to

2

conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on inconsistencies and false statements that either undercut the basis of Dong's asylum claim—that she only had one child because she was forced to have an abortion—or demonstrated that she had engaged in immigration fraud. Dong's testimony that she only had one

3

child because she was forced to have an abortion in 1994 was undercut by documentation of her divorce from her first husband, a visa petition that her second husband filed on her behalf, and a birth certificate that listed Dong as the birth mother for a female named Jianyi, all of which represented that she and her first husband had a second child in 1993. Although Dong testified that Jianyi was not her daughter, that explanation itself undercut her credibility by demonstrating that she had falsified documents in order to engage in immigration fraud by proffering that child as her own. The agency was not required to credit Dong's explanations for this inconsistency. Her testimony that she did not know whether the birth certificate for that second child was real or fabricated was undercut by her testimony that she and her second husband had paid someone to obtain it because Jianyi desired to enter the United States. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Her argument that the false statements were made only in documents prepared by her husbands and in whose creation she was not involved was not compelling because she testified that she was involved in

4

obtaining the false birth certificate. Further, a factfinder may rely on inconsistent statements from witnesses in determining an applicant's credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (quotation marks omitted)).

Her claim was further undermined by the testimony and asylum application of her first husband, whom she remarried after coming to the United States. Both Dong and her husband testified that he knew about the abortion before he applied for asylum in the United States, and her husband testified that he applied for asylum on family planning grounds. However, he inexplicably had not included the abortion in his application. Instead, the application reflected an entirely different basis for his asylum claim, with no mention of the family planning policy whatsoever.

Finally, having questioned Dong's credibility, the agency reasonably relied further on her lack of reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273

5

(2d Cir. 2007). The IJ reasonably afforded limited weight to unsworn letters from Dong's brother and mother because they were prepared by interested parties who were not available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according . . . little weight [to letters from applicant's wife and friend] because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holde*r, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). And, as noted above, Dong's husband (first and current), whom she called as a witness, was reasonably determined by the IJ not to be credible. *See* Certified Administrative Record, at 36.

The inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because Dong's claims for asylum, withholding of removal, and CAT relief were

all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).[1]

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] In any event, Dong has waived review of her claim for CAT relief because she has not raised it on appeal. *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008) (issues not raised on appeal are waived)